IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

Tycerly Cowan

4021 Mackinnon Dr

Charlotte NC 28214

Plaintiff,

v.

United Parcel Service, Inc.

55 Glenlake Parkway NE

Atlanta, GA 30328

Defendant.

Civil Action No. 3:25-cv-687-MOC

COMPLAINT AND DEMAND FOR JURY TRIAL

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for race discrimination, retaliation, hostile work environment, and constructive discharge against Plaintiff's former employer, United Parcel Service, Inc. ('UPS').

## JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1331 because this case arises under federal law.

Venue is proper under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Charlotte, North Carolina.

## PARTIES

Plaintiff Tycerly Cowan is an African-American woman and former employee of UPS with over 18 years of service. She resides in Anderson, South Carolina.

Defendant United Parcel Service, Inc. is a global logistics company headquartered in Atlanta, Georgia, and conducts business throughout North Carolina, including Charlotte.

## FACTUAL ALLEGATIONS

Plaintiff began working at UPS in 2006 in Inside Sales and remained employed until February 2025, when she was constructively discharged following years of discrimination and retaliation.

From 2006-2013, Plaintiff endured harassment from two white female coworkers, Velma "Gina" Jones and Jamie Downs, both UPS sales coaches. HR Manager Reggie Owens substantiated her harassment complaint, yet the perpetrators were simply moved to other teams and later promoted.

From 2013-2018, Plaintiff was repeatedly denied the opportunity to interview for promotions despite UPS policy allowing advancement with three years of service, regardless of degree. She was told she could not interview without a degree, an inconsistent barrier applied to her but not to others. In 2018, she was denied an interview for a Florida AE role despite 12 years of service. Only after returning to college and confirming her graduation date in 2019 was she promoted.

From October 2022 through February 2025, Plaintiff was subjected to discriminatory treatment and retaliation by her direct manager, Curtis Eidson. She was excluded from strategic sales meetings, had accounts reassigned to white peers, and was micromanaged through aggressive calls and false performance write-ups.

Mr. Eidson filed a false complaint to UPS Security accusing Plaintiff of expense fraud, which was later proven unsubstantiated. He interfered with Plaintiff's accounts by executing contracts without her consent, introducing white employees as her replacements during her medical leave, and sabotaging her customer relationships. He directed her not to report business wins, then placed her on a Performance Improvement Plan (PIP) when sales appeared low.

Plaintiff filed multiple HR and Ethics complaints. The first, in October 2023, documented disparate treatment of African-American employees, including Crystal Thompson and Ericka Waters. In June 2024, Plaintiff reported Mr. Eidson sabotaging her territory by writing contracts without her knowledge, telling customers she left the company as well as other things documents with HR. HR initiated their own ethics complaint due to customers being affected. In March 2025, Plaintiff filed a second ethics complaint that resulted in UPS terminating Mr. Eidson.

As a result of UPS's discriminatory and retaliatory conduct, Plaintiff was forced to resign in February 2025, losing her career trajectory, pension growth, and built-up benefits after 18 years of service. She was forced to relocate over 500 miles for a lower-paying job in a higher cost-of-living area, starting from scratch.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff filed a timely complaint with the Equal Employment Opportunity Commission (EEOC). She has already received her Notice of Right to Sue.

## CLAIMS FOR RELIEF

Count I – Race Discrimination (Title VII, 42 U.S.C. § 2000e-2)

Defendant discriminated against Plaintiff by denying her equal access to resources, promotions, accounts, and support provided to white colleagues.

Count II – Retaliation (Title VII, 42 U.S.C. § 2000e-3)

After Plaintiff complained about discriminatory treatment, Defendant retaliated by increasing scrutiny, fabricating complaints, and issuing a retaliatory PIP.

Count III – Hostile Work Environment

Defendant subjected Plaintiff to harassment, exclusion, account sabotage, and hostile treatment over a prolonged period, violating Title VII.

Count IV – Constructive Discharge

UPS created intolerable conditions that forced Plaintiff's resignation after 18 years of service.

## DAMAGES

Plaintiff earned a base salary of $73,000, with commissions raising her annual compensation to $100,000–$122,000. Due to Defendant's actions, she lost income, commissions, and pension accrual, and was forced into lower-paying work.

From 2013–2018, Plaintiff was improperly denied promotions, costing her an estimated $25,000–$40,000 annually in lost wages and opportunities.

Her total economic damages, including back pay, front pay, lost promotions, relocation costs, and lost pension growth, exceed $1,200,000. She also seeks compensatory damages for emotional distress, reputational harm, and punitive damages for UPS's willful disregard of her rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in her favor on all counts;

b. Award back pay, front pay, lost benefits, and lost pension value;

c. Award compensatory damages for emotional distress and reputational harm;

d. Award punitive damages under 42 U.S.C. § 1981a;

e. Award costs and fees;

f. Grant a jury trial; and

g. Award any further relief the Court deems just and proper.

---

Respectfully submitted,

*[signature]*

Tycerly Cowan (Pro Se)

4021 Mackinnon Dr

Charlotte NC 28214

864-617-3758

tylee25@hotmail.com

Dated: September 5, 2025